# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **JOE RICHARD DAVIS,** ) | |
| ) | |
|     **Plaintiff,** ) | **No.** |
| ) | |
| **v.** ) | **Judge** |
| ) | **Magistrate Judge** |
| **PUTNAM COUNTY, TENNESSEE,** ) | |
| ) | **Jury Demand** |
|     **Defendant.** ) | |
| ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Joe Richard Davis, ("Plaintiff" or "Deputy Davis"), by and through counsel, and respectfully submits his Complaint against Defendant, Putnam County; and in support thereof would allege as follows:

### I.  PARTIES

1. Plaintiff, Joe Richard Davis, is a resident of Putnam County, Tennessee.

2. Defendant, Putnam County, Tennessee, is a county government located at 300 E. Spring Street, Cookeville, Tennessee 38501. Defendant may be served through Putnam County Executive Randy Porter at 300 E. Spring Street, Room 8, Cookeville, Tennessee, 38501.

3. Putnam County employs currently, and did employ at the time this action accrued, more than fifteen (15) employees.

### II.  JURISDICTION

4. All of the events complained of herein occurred within this Judicial District and Defendant is an entity doing business herein, which gives rise to venue in this district under 28 U.S.C. § 1391(b).

5. This Court has jurisdiction over the lawsuit in that it arises under the Age Discrimination in Employment Act.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal law claims.

### III. FACTS

7. Plaintiff was hired by Defendant, Putnam County as a sheriff's deputy where he has worked for over twenty (20) years.

8. In or around April 2011 Plaintiff spoke to Sheriff Andrews about Plaintiff's desire to secure a detective position.

9. Sheriff Andrews stated that he would keep Plaintiff in mind for future openings as detective.

10. In or around July of 2011 Plaintiff's co-workers David Gibson, Jerry Dale Abston, and Roger Cooper were promoted to Detective.

11. Roger Cooper has been with the sheriff's department for approximately half the time Deputy Davis has.

12. In or around July 2011, Plaintiff's co-worker Jamie Hunter was appointed Sergeant over Deputy Davis, and Deputy Davis was made a Corporal.

13. Ms. Hunter had been away from the department for a period of two years during her tenure as a sheriff's deputy.

14. In or around May 2012, Plaintiff's co-worker Jamie Greenwood was made Detective.

15. In or around April 2012, Plaintiff's co-worker Brian Cook was promoted to Sergeant and made Detective in April 2013.

16. In or around April 2013, Plaintiff's co-worker Red Golden made Detective.

17. Plaintiff's co-worker Brian Maxwell made Detective, moved to juvenile administration, then came back to resume his position as Detective.

18. On or about April 24, 2013, Corporal Tony Branch was promoted to Sergeant.

19. In or around February 2013 Scott Stockton and Sonny Farley were promoted to Sergeant.

20. During his tenure with the sheriff's department, Deputy Davis has applied for multiple promotions, but has only ascended to the rank of Corporal.

21. Deputy Davis was born on September 3, 1954 and is therefore over the age of forty (40).

22. Deputy Davis has seen many people under the age of 40 promoted beyond him, despite having significantly less time with the Department.

## COUNT ONE:
## Violations of the Age Discrimination in Employment Act - 29 U.S.C. § 621

23. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

24. Plaintiff is over the age of forty (40) and is therefore a member of the class protected by the Age Discrimination in Employment Act.

25. Plaintiff has suffered an adverse employment action in that the Department has refused to promote him solely based upon his being over forty (40) years of age.

26. Plaintiff has performed his job satisfactorily and at a level that met the Department's legitimate expectations.

27. Other employees with the same or less qualifications as Plaintiff were promoted beyond the rank of Corporal while Plaintiff was not.

28. The plaintiff alleges that the intentional acts and omissions as described herein committed by the defendant constitute violations of the Age Discrimination in Employment Act as a result of Plaintiff's age.

**COUNT 2:**
**Violations of the Tennessee Human Rights Act Prohibiting Discrimination Based on Age – Tenn. Code Ann. 4-21-101** *et seq.*

29. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

30. Defendant is a "person" as defined by the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.*

31. Defendant did segregate or classify Plaintiff based upon his age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. § 4-21-101 *et seq.*

32. Defendant's treatment of Plaintiff in failing to promote him while promoting younger employees with the same or less qualifications was discriminatory and in violation of the Tennessee Human Rights Act.

33. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief to Plaintiff:

1. That proper process be served upon Defendant, and Defendant be required to answer within the time prescribed by the Federal Rules of Civil Procedure.

2. Order Defendant to make Plaintiff whole by providing him with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

3. That Defendant be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff.

4. Order that Defendant make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial.

5. Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause.

6. That Plaintiff be awarded punitive damages in an amount to be determined at the trial of this cause.

7. That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner.

8. That Plaintiff be granted such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

ANDY L. ALLMAN & ASSOCIATES

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
Allison S. Porter, BPR No. 31766
131 SAUNDERSVILLE RD, SUITE 110
Hendersonville, TN 37075
Telephone: (615) 933-0110
Facsimile: (615) 265-8766
andy@andylallman.com
allison@andylallman.com