IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOE RICHARD DAVIS, | ) |
| Plaintiffs, | ) |
| VERSUS | ) NO. 2:15-CV-00064 |
| PUTNAM COUNTY, TENNESSEE | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## RENEWED AND SUPPLEMENTAL MOTION TO DISMISS

### INTRODUCTION

The Plaintiff's claim is time-barred, based on the allegations of the Amended Complaint itself. The Amended Complaint (Docket Entry # 18) is exclusively a "failure to promote" claim under the ADEA and Tennessee Human Rights Act. The Complaint alleges specific instances where Plaintiff claims that he was denied a promotion. Each allegation in the Plaintiff's Complaint is accompanied by the date of the alleged denial. (See Amended Complaint, Docket Entry #18 at ¶ 8- ¶ 19). Each and every one of these allegations is more than 300 days prior to the filing of the EEOC charge, which occurred on May 30, 2014. The Plaintiff's claim is time-barred in accordance with 29 U.S.C. § 626(d)(1)(B). The Tennessee Human Rights Act claims, based on the exact same conduct, are also barred, because THRA claims are not tolled by the filing of an EEOC charge, and those claims are time-barred in accordance with T.C.A. § 4-21-311(d).

Plaintiff tacitly acknowledged that the allegations of the original Complaint were

time-barred, upon Defendant's original filing of a Motion to Dismiss, but sought to survive by seeking to amend the Complaint. This Court allowed Plaintiff to file an Amended Complaint, but the Amended Complaint contains no allegations that would allow Plaintiff's suit to survive.

Because all of Plaintiff's claims are barred by the statute of limitations, the Complaint fails to state a claim for which relief can be granted and should be dismissed.

## ARGUMENT

Plaintiff, Joe Davis, was formerly a Deputy with the Putnam County Sheriff's Department who retired in 2014. He filed this Complaint asserting age discrimination in violation of the ADEA and the Tennessee Human Rights Act. The substance of both claims is identical: Plaintiff claims (while employed in the years prior to his retirement) that the Sheriff's Department promoted others to Sergeant (while only promoting him to Corporal) because of his age. (See Amended Complaint at ¶ 27 and ¶ 32).

The Plaintiff filed an EEOC charge relating to these allegations on May 30, 2014. It is axiomatic that each "failure to promote" claim is a disparate treatment claim, and each such alleged failure to promote constitutes a discrete act of discrimination. Therefore, to be actionable, an EEOC charge must be filed within 300 days following each individual alleged act of discrimination. 29 U.S.C. § 626(d)(1)(B); See *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir.2001).

The Plaintiff's EEOC charge is attached to the Defendant's Motion to Dismiss. It is well-settled that the Court can consider this EEOC charge and take judicial notice of the filing date, without converting this Rule 12 motion to a summary judgment motion.

-2-
Case 2:15-cv-00064   Document 32   Filed 03/03/17   Page 2 of 13 PageID #: 120

Courts may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies in support of a Rule 12(b)(6) motion without converting the motion to a Rule 56 motion. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (overruled in part on other grounds by *Swierkiewicz v. Sroema N.A.*, 534 U.S. 506, 510 (2002)); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citing *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005)).

In addition, on this Rule 12(b)(6) motion, the Court must look to the facts as alleged in the Complaint, but it need not infer extraneous suppositions, benefitting Plaintiff or otherwise, that are not contained therein. Although the Plaintiff's factual allegations must be construed as true for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court need not accept "legal conclusions or unwarranted factual inferences" contained in the complaint. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (abrogated in part on other grounds). To survive a Rule 12(b)(6) motion, the Complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly,* 550 at 570*; see also Iqbal*, 129 S.Ct. at 1950 ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

## I. ALL OF THE FACTUAL ALLEGATIONS OF DISCRIMINATORY FAILURE TO PROMOTE ARE CLEARLY BARRED BY THE STATUTE OF LIMITATIONS.

In Plaintiff's original Complaint, and carried over to the Amended Complaint he has identified several different alleged promotions that he (apparently) claims that he should have received instead of the other comparators identified in each allegation. (See Docket Entry #18, ¶ 8-¶ 19). The earliest alleged "failure to promote" is "April 2011" (See Amended Complaint at ¶ 8) and the latest is listed as "April 24, 2013" (Amended Complaint at ¶ 18).

However, the Plaintiff filed his EEOC charge on May 30, 2014. Any alleged promotion that occurred more than 300 days prior to the filing of that charge is time-barred. 29 U.S.C. § 626(d)(1)(B); See *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir.2001). Thus, any alleged failure to promote that occurred prior to August 3, 2013 is time-barred.

Because the latest alleged promotion was April 24, 2013, which is 401 days prior to the filing of the EEOC charge, then all of the claims for failure to promote are time-barred. Thus, Plaintiff's Amended Complaint cannot survive where the facts as alleged by Plaintiff himself conclusively establish that the statute of limitations has expired. With respect to all of the substantive allegations in the original Complaint, carried over to the Amended Complaint, the statute of limitations has clearly expired.

Of course, it is well-settled that a "failure to promote" discrimination allegation is a discrete allegation, as opposed to a continuing violation. Each such failure to promote

must be alleged in an EEOC charge within 300 days after the occurrence of such failure.

One Federal Court in Tennessee has explained:

> This is an action brought by plaintiff Marilyn Lingle against her former employer Safety and Ecology Corporation (SEC), pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; the Tennessee Human Rights Act (THRA), T.C.A. §§ 42-21-301, et seq.; and the Tennessee Public Protection Act (TPPA), T.C.A. § 50-1-304. Plaintiff alleges that defendant discriminated against her by (1) giving two promotions to lesser qualified male individuals that were under 40 years of age; (2) subjecting her to a hostile work environment based on her gender and/or her age; and (3) wrongfully terminating her in retaliation for her complaints about this alleged discrimination. Currently pending is the defendant's motion for summary judgment [Doc. 17]. For the reasons that follow, the motion will be granted and this action dismissed.
>
> \* \* \*
>
> Plaintiff filed a charge of discrimination dated November 28, 2005, with the EEOC, and that charge was stamped "Received" by the EEOC on December 5, 2005. In her EEOC charge, plaintiff complained that, among other things, she had been denied promotions to the Lead RCT position. That charge was filed more than 300 days after defendant appointed Mr. Olexa to the Lead RCT position in October 2004, and more than 300 days after Leroy Hicks was appointed temporary Lead RCT on January 7, 2005.
>
> \* \* \*
>
> III. Plaintiff's Promotion Claims
> A party must file a charge of discrimination with the EEOC challenging claims under Title VII and/or the ADEA within either 180 or 300 days of the alleged unlawful employment practice, depending upon whether the alleged practice occurred in a "deferral state." See 42 U.S.C. § 2000e-5(e)(1). Because Tennessee is a deferral state, the limitations period in Tennessee is 300 days. When evaluating whether a charge of discrimination is timely filed, only those incidents alleged in the charge that occurred within the 300-day time period will be considered actionable. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). For purposes of determining when the 300-day period begins, the alleged discriminatory act "occurs" on the date the employee received

notice of the adverse action (e.g., the date he or she received notice that he
or she was denied a promotion). See *Chardon v. Fernandez*, 454 U.S. 6
(1981). In the instant case, plaintiff's charge of discrimination was dated
November 28, 2005, and was stamped "Received" by the EEOC on
December 5, 2005. Therefore, any discrete discriminatory acts referred to in
the charge occurring before February 1, 2005 (i.e., 300 days prior to
November 28, 2005) are untimely.

*   *   *

Plaintiff has claimed that these two denials of promotions were part
of a "continuing" violation. That allegation is not supportable. Discreet
discriminatory acts are not actionable if time-barred, even when they are
related to acts alleged in timely-filed charges. *National R.R. Passenger
Corp.*, 536 U.S. at 113. The United States Supreme Court has expressly
stated that "[d]iscrete acts such as termination, failure to promote, denial or
transfer, or refusal to hire are easy to identify." Id. at 114. The Court
concludes therefore that as a matter of law plaintiff's two failure to promote
claims cannot survive under a "continuing violation" theory.

*Lingle v. Safety and Ecology Corp.*, 2007 WL 2426761 (E.D.Tenn.. 2007)

The Supreme Court thoroughly rejected the notion that a plaintiff can predicate a

"failure to promote" lawsuit on evidence of other time-barred alleged acts. *Id*. at 114. The

Supreme Court held that each discrete act of alleged discrimination must rise or fall on its

own merits:

The Court of Appeals applied the continuing violations doctrine to
what it termed "serial violations," holding that so long as one act falls
within the charge filing period, discriminatory and retaliatory acts that are
plausibly or sufficiently related to that act may also be considered for the
purposes of liability. See 232 F.3d, at 1015. **With respect to this holding,
therefore, we reverse.**

Discrete acts such as termination, failure to promote, denial of
transfer, or refusal to hire are easy to identify. Each incident of
discrimination and each retaliatory adverse employment decision
constitutes a separate actionable "unlawful employment practice." Morgan
can only file a charge to cover discrete acts that "occurred" within the

appropriate time period. While Morgan alleged that he suffered from numerous discriminatory and retaliatory acts from the date that he was hired through March 3, 1995, the date that he was fired, only incidents that took place within the timely filing period are actionable. Because Morgan first filed his charge with an appropriate state agency, only those acts that occurred 300 days before February 27, 1995, the day that Morgan filed his charge, are actionable. During that time period, Morgan contends that he was wrongfully suspended and charged with a violation of Amtrak's "Rule L" for insubordination while failing to complete work assigned to him, denied training, and falsely accused of threatening a manager. Id., at 1013. All prior discrete discriminatory acts are untimely filed and no longer actionable.

*Id*. at 114-15.

Thus, there is no such thing as a "continuing violation" relating to failure to promote claims. These are discrete claims that each rise of fall on their own merit, and a plaintiff cannot sue for any such instances that are barred by the passage of time. Plaintiff's claims are barred.

**II. THE "NEW" ALLEGATION IN THE AMENDED COMPLAINT IS COMPLETELY DEVOID OF FACT, IS INSUFFICIENT TO STATE A CLAIM UNDER *TWOMBLY* AND *IQBAL,* AND CANNOT RESCUE PLAINTIFF'S CLAIM.**

Essentially admitting that the suit was time-barred as originally filed, the Plaintiff sought to amend the Complaint in response to Defendant's original Motion to Dismiss. In the Amended Complaint, Plaintiff added two new paragraphs, now ¶ 23 and ¶ 24, stating simply:

> "23. Deputy Davis was against (sic) passed over for promotion in January 2014.
>
> 24. Deputy Davis filed a charge of discrimination with the EEOC on May 30, 2014 and was issued a right to sue letter."

(Docket Entry #18, ¶ 23 - ¶ 24).

This generic allegation relating to January 2014 has absolutely no substance, in accordance with *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which require a pleader to assert specific facts in support of their claim, and not rely simply on talismanic language to pursue their suit.

This additional allegation is, apparently, intended to identify a purported failed promotion occurring within 300 days prior to the filing of the EEOC Charge of Discrimination in order to overcome the statute of limitations bar that is fatal to the original complaint and all of the other allegations. However, the bare allegation that Plaintiff did not receive a promotion in January 2014 does nothing to allege a discriminatory act. What is notable is what is absent:

- Plaintiff has not alleged that *anyone* received a promotion in January 2014, much less a similarly-situated younger person (especially as contrasted with the other allegations in the Complaint and Amended Complaint, which identify comparators).

- Plaintiff has not alleged that Plaintiff even applied for a promotion in January 2014.

- Plaintiff has not alleged that any position was actually available in January 2014, only that Plaintiff did not personally get a promotion at that time.

- In addition to the fact Plaintiff has not identified a position sought or available, he has certainly not alleged that he was qualified for any such position or promotion in January 2014.

- Plaintiff has not alleged that he was denied such a position or promotion in January 2014 based on discriminatory animus.
- Plaintiff has not identified any supervisor or decision-maker who allegedly held a discriminatory motive to deny him a promotion.
- Plaintiff has identified no facts at all in support of any conclusory assertion that age motivated a denial of promotion in January 2014.
- Further, Plaintiff has identified no facts at all that would establish that Plaintiff's own age was the "but for" cause of his failure to be promoted in January 2014. See *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530 (6th Cir. 2014).

Plaintiff's omissions concerning this purported January 2014 event are even more striking when compared with Plaintiff's other clearly time-barred allegations in the Amended Complaint, which identify specific promotions and specific comparators. (See Amended Complaint ¶8-19). For each of the previous purported "failures to promote" previously, Plaintiff had at least gone to the trouble of identifying an actually occurring open position that he did not receive (by identifying the title and position) and an actual comparator who received the job. The new allegation of the Amended Complaint is completely devoid of any factual substance and fails to state a claim.

The Putnam County Sheriff's Department denies that anyone was promoted in January 2014 or that any such position was available, which of course explains why Plaintiff has nothing to allege. On this Rule 12 motion, though, the Court only considers the Plaintiff's Amended Complaint. This, though, is the reason for the *Twombly* and

*Iqbal* rule: that a Plaintiff must allege some substantive facts; the absence of which renders a complaint fatally defective.

In another employment case, the Sixth Circuit rejected a similar suit, where the plaintiff's Amended Complaint failed to contain sufficiently detailed factual allegations required by *Ashcroft v. Iqbal*. *Shaughnessy v. Interpublic Grp. Of Cos., Inc.*, 506 Fed.Appx. 369 (6th Cir. 2012). The Court stated:

> Keeping this context in mind, granting Plaintiff leave to amend would have offered him the opportunity to correct his pleading deficiencies so as to conform with *Iqbal*. Unfortunately, Plaintiff's attempt to revise his complaint in his proposed First Amended Complaint remained woefully inadequate. Notably, Plaintiff failed to supplement his original complaint with any additional factual allegations; although he did at least more properly assert the specific elements of his claims (in addition to adding a third claim for promissory estoppel).
>
> Having reviewed Plaintiff's proposed First Amended Complaint, it is clear that even his revised allegations did not go beyond a bare recitation of the causes of actions alleged. This paltry pleading was insufficient under *Iqbal*. **Plaintiff failed to specify, inter alia, dates or even approximate time frames, the individuals involved in his alleged reports of misconduct, the individuals involved in his termination, the specific retaliatory actions taken against him, or any facts—even circumstantial facts—from which this Court could infer that Plaintiff was terminated because he reported the misconduct of a fellow employee. Accordingly, regardless of the legal merits, Plaintiff's motion for leave to amend was futile because even his revised allegations lacked the factual specificity required to nudge his complaint "across the line from the conceivable to the plausible."** *Iqbal*, 556 U.S. at 680, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). *Id*. at 373-74.

Plaintiff's singular allegation in his Amended Complaint (¶ 23), that he did not receive a promotion in January 2014, does not even nudge his claim to "conceivable," because he does not even assert that any similarly-situated employee received any actual

-10-
Case 2:15-cv-00064   Document 32   Filed 03/03/17   Page 10 of 13 PageID #: 128

promotion for which Plaintiff was actually qualified, or even that such an open position actually existed (much less actually identify the recipient or the position or the decision-maker). The singular allegation does not remotely approach the required threshold of moving "across the line from the conceivable to the plausible."

Because this vacuous allegation cannot survive under the *Twombly* and *Iqbal* standard, it cannot save his clearly time-barred suit either. A Plaintiff cannot resurrect a time-barred lawsuit by tossing in a throwaway allegation of timeliness. The Court should look to the substance, and dismiss the time-barred complaint.

### III. PLAINTIFF'S THRA CLAIMS WERE NOT TOLLED BY THE EEOC CHARGE, AND THEY ARE ALL UNTIMELY REGARDLESS.

Likewise, Plaintiff's claim under the Tennessee Human Rights Act fails. It is well-settled that claims under the Tennessee Human Rights Act are not tolled during the pendency of an EEOC charge. Any claim brought under the Tennessee Human Rights Act is time-barred if suit is filed more than one year after the alleged act of discrimination. Tenn. Code Ann. § 4-21-311(d); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir.2001). Thus, because all claims however characterized were more than one year prior to the filing of the Complaint on November 9, 2015, all claims under the Tennessee Human Rights Acts are time-barred, as well.

This Court has addressed this well settled principle in another case:

A. Promotion claim
    Cingular correctly contends that Plaintiff cannot challenge any promotion decision based on Brewer's 2004 recommendation that Plaintiff

be promoted because Plaintiff did not raise this denial-of-promotion issue in a charge of discrimination filed with the EEOC within 300 days of February 24, 2004. See *Strouss v. Michigan Dept. of Corrections*, 250 F.3d 336, 342 (6th Cir.2001) ("It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly filed the claim in an EEOC charge," affirming dismissal of claims not raised in a charge). The same claim brought under the THRA is also time-barred. The THRA claim is subject to a one-year statute of limitations. Tenn.Code Ann. § 4–21–311(d); *George v. Aventis Pharmaceutical, Inc.*, 252 F.Supp.2d 599, 607 (W.D.Tenn.2003). Plaintiff did not file suit on this promotion claim within one year of February 24, 2004.

*Williams v. Cingular Wireless, LLC*, 2008 WL 112102 (M.D. Tenn. 2008).

Here, each of the promotions that the Plaintiff claims he was denied occurred a minimum of 401 days prior to the filing of the EEOC charge and far more than a year prior to the filing of the suit. (See Amended Complaint ¶ 8-¶ 19). As a result, each of these instances are not actionable. The Plaintiff's Complaint fails to state a claim for which relief can be granted, and should be dismissed.

## CONCLUSION

For the forgoing reasons, the Plaintiff's claim should be dismissed.

>Respectfully submitted,
>
>MOORE, RADER,
>FITZPATRICK AND YORK, P.C.
>
>BY <u>/s/Daniel H. Rader IV, B.P.R. No. 025998</u>
>    DANIEL H. RADER, IV
>    Attorneys for Defendant
>    P.O. Box 3347
>    Cookeville, TN 38502
>    (931-526-3311)

BY /s/Daniel H. Rader III, B.P.R. No. 002835
DANIEL H. RADER III
Attorney for Defendant,
Putnam County, Tennessee
Post Office Box 3347
Cookeville, Tennessee 38502
931/526-3311

CERTIFICATE OF SERVICE

The undersigned attorney herby certifies that on March 3, 2017, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, including the pro se plaintiff at the address set forth below. Parties may access this filing through the Court's electronic filing system.

    Mr. Joe Richard Davis
    937 Deerfield Drive
    Cookeville, TN 38501

This the 3rd day of March, 2017.

        MOORE, RADER,
        FITZPATRICK & YORK, P.C.

        BY /s/Daniel H. Rader IV, B.P.R. No. 025998
        DANIEL H. RADER, IV
        Attorneys for Defendant
        P.O. Box 3347
        Cookeville, TN 38502
        (931-526-3311)